**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| KELLY MICHAELS, as an individual and representative of a class of similarly situated persons and/or entities, | § § § § | **CIVIL ACTION NO.  6:11-CV-107** |
| Plaintiffs, | § § | |
| v. | § § | **CLASS ACTION COMPLAINT** |
| GOOGLE, INC, a DELAWARE CORPORATION, | § § § | |
| Defendant, | § § § § § | **JURY TRIAL DEMANDED** |

_____

## COMPLAINT

PLAINTIFF, KELLY MICHAELS, as an individual and representatives of the class described herein, ("Plaintiff"), brings this CLASS ACTION against Defendant, Google, Inc., ("Google"), and states the following in support of this complaint:

## PARTIES

1.      PLAINTIFF, KELLY MICHAELS, is a citizen of the State of Texas and resides in Smith County, Texas which is within the Eastern District of Texas, Tyler Division.

2.      Plaintiff is representative of a class of persons, and/or entities, within and throughout the State of Texas, and the entire United States, who use, or have used, the web based email program provided by Google, known in the United States as "Gmail", between the time of April 1, 2004 and the present.

1

3.      Google is a Delaware corporation with corporate headquarters and principal place of business at 1600 Amphitheater, Parkway, Mountain View, California, 94043.

## JURISDICTION AND VENUE

4.      Pursuant to 28 U.S.C. § 1332, et seq., this Court has jurisdiction over this matter based on diversity of citizenship of the Plaintiff and Google, and there being an amount in controversy that exceeds $75,000.00, exclusive of interest and costs.

5.      Pursuant to 28 U.S.C. § 1332, et seq., this Court also has jurisdiction over this matter based on the presumption that there are over 100 members in the Class of persons and/or entities represented by the Plaintiff; that Plaintiff's claims involve an aggregate amount in controversy that exceeds $5 million, exclusive of interest and costs; and the diversity of citizenship of the Plaintiff and Google.

6.      Pursuant to 28 U.S.C. § 1331 this Court has jurisdiction over this matter based on the Plaintiff's claims arising from Google's violation of the Federal Wiretap Act, 18 U.S.C. § 2510 et seq.

7.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Eastern District of Texas due to Google being subject to personal jurisdiction in this District and due to the fact that a substantial part of the events giving rise to the claim occurred within this District.

## NATURE OF SUIT

8.      This is a Class Action brought pursuant to Rule 23 of Federal Rules of Civil Procedure against Google for invading the privacy of its users by scanning and capturing the contents of every email sent and received through Google's web based email program known as "Gmail". Google offers Gmail to anyone with access to the internet. Google does not charge users of Gmail a fee; however it does require users to open a "Gmail Account". In order to open

a Gmail Account a user must provide personally identifying information including their name, a desired login name, a password, a security question and answer, a recovery email address, the users location, and the user's birth date. (See screen captures below)





In order to use Gmail users are asked to click on a button that says, "I accept. Create my account.", and purports to be an electronic acknowledgment that they are agreeing to Google's Terms of Service.  Gmail users are not required to open, navigate to, read or understand the

Terms of Service, (*See Exhibit A*), Program Policy, (*See Exhibit B*), and Privacy Policy, (*See Exhibit C*). If users want to read the Terms of Service they must scroll through a small text box containing the approximately 92 paragraphs that apparently comprise the Terms of Service, or click on a link to a 15 page "Printable Version". If users want to read the Program Policy and Privacy Policy they are required to navigate to two separate web pages. The web page that users are taken to when they click the link for the Privacy Policy contains an additional 55 external links. None of the multiple pages or links provides an opportunity for a user to inquire about the meaning of any of the terms used or negotiate the addition or deletion of the terms of the documents the user is supposed to be accepting. Google fails to inform users of Gmail that it regularly and routinely scans, captures and disseminates the content of every email sent or received through Gmail. Google also fails to inform users of Gmail that after scanning and capturing the content of every email sent or received through Gmail, Google uses the contents of those emails to attract advertisers, who in turn pay Google to place advertisements, specifically tailored and directed to individual users based on the content of the emails they have sent and received. For example, if a user sends a private email through a Gmail account requesting input from a friend or family member regarding a recommendation for cowboy boots and the user receives a reply, the next time the screen is refreshed in the user's Gmail program advertisements for cowboy boots appear on the users screen. (*The following three pages are screen captures[1] from a Gmail account that was opened solely and expressly for testing purposes and to demonstrate that the contents of users' emails, sent and received through Gmail, are intentionally scanned and analyzed for the purpose of specifically tailoring advertisements and targeting them to individual users.*)

---

[1] These screen captures have been enlarged for easier viewing but are otherwise unaltered.

Screen capture of newly opened Gmail account - no targeted advertisements.



Contents of first email, before sending from new Gmail account - no targeted advertisements.



Screen capture of user screen after sending email and receiving reply - targeted advertisements.



## STATEMENT OF FACTS

9.      Google is a for-profit, publically traded corporation that owns and operates the world's most popular Internet search engine along with a multitude of other Internet services, including the web based email program Gmail.

10.     Google's business model is based in large part, if not exclusively, from generating advertising revenue based on the number of users of its Internet services.  Included in that business model is the practice of seeking, acquiring, storing and then selling information collected from the users of its Internet services.

11.     Google has a reputation for being aggressive about expanding its data collection and obtaining monetary benefit for the data it captures in total disregard for the privacy of the unsuspecting users of its ubiquitous software.  According to the consumer advocacy group Consumer Watchdog, Google has a history of pushing the (privacy) envelope and then apologizing after their over reach is discovered.

12.     In May of 2007, Google's CEO, Eric Schmidt, ("Schmidt"), told the Financial Times: "We are very early in the total information we have within Google …. The algorithms will get better and we will get better at personalization. ... The goal is to enable Google users to be able to ask the question such as 'What shall I do tomorrow?' and 'What job shall I take?' ... We cannot even answer the most basic questions because we don't know enough about you. That is the most important aspect of Google's expansion."

13.     In September of 2008, in an interview with McKinsey Quarterly, Schmidt said: "When people have infinitely powerful personal devices, connected to infinitely fast networks and servers with lots and lots of content, what will they do?  There will be a new kind of application and it will be personal. It will run on the equivalent of your mobile phone. It will

know where you are via GPS, and you will use it as your personal and social assistant. It will know who your friends are and when they show up near you. It will remind you of their birthdays. ... When you go to school it will help you learn, since this device knows far more than you ever will."

14.     On or about September 15, 2010, Schmidt said: "But there is a new opportunity for monetization of social networks which I would call the yellow pages. You can see this in what Facebook is doing and you can see this in Google Places. There are physical things in social networks, stores for example. You can advertise against those objects and it looks like classifieds or like yellow pages. My guess is that there is a lot of revenue going to be. Location based services will be a big business for Facebook, Google or others."  See: http://faz-community.faz.net/blogs/netzkonom/archive/2010/09/15/google-ceo-eric-schmidt-we-don-t-pay-for-traffic.aspx

15.     It is against this backdrop, and within this corporate culture, as set forth above, that Google implemented its web based email program Gmail.

16.     Upon information and belief Google's Gmail program was started in April of 2004 and offered to employees of Google. (See http://www.google.com/press/pressrel/gmail.html)

17.     Upon information and belief the availability of Gmail was expanded over time through the use of invitations allotted to users to give to friends and family.

18.     Upon information and belief Gmail registration was open to the public at large on February 8, 2007.

19.     Upon information and belief Gmail remained in "beta" status until July, 7, 2009.

20.     On or about July 7, 2009 Google announced that Gmail was "out of beta", reportedly in an effort to make it more attractive to business. (see http://googleblog.blogspot.com/2009/07/google-apps-is-out-of-beta-yes-really.html),

21.     Google does not release official figures for the number of Gmail users but the total number of users is estimated to be around 200 million. (see http://news.yahoo.com/s/afp/20110301/tc_afp/usitcompanyinternetgmailgoogle)

22.     Google has not released the technical details of how users' private emails are scanned and content extracted.

23.     Google creates, operates and maintains proprietary technology and algorithms for the purpose of intercepting, collecting, scanning and analyzing every email, (both incoming and outgoing), of every Gmail user for the purpose "monetizing" every Gmail users' data.

24.     Google creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze every email, (both incoming and outgoing), of every Gmail user for the purpose of delivering targeted ads and other information to Gmail users.

25.     Google creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze every email, (both incoming and outgoing), of every Gmail user and examines the entire content of every Gmail user's email including the header, subject line, addressing information and the internal text of the email.

26.     Google creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze every email, (both incoming and outgoing), of every Gmail user, in a process referred to as "content extraction."

27.     After conducting the content extraction on an email of an individual Gmail user, Google places ads in the Gmail window on the individual Gmail user's monitor screen that are targeted to that individual user based on the contents that were extracted from his or her email.

28.     Both "internal email information", the actual data contained in an email message, and "external email information", the data Google derives by applying its proprietary technology and algorithms to the internal email information, of every email, (both incoming and outgoing), of every Gmail user is intercepted, collected, scanned and analyzed by Google.

29.     Both the "internal email information" and "external email information" of every email of every Gmail user that is intercepted, collected, scanned and analyzed by Google, is analyzed to derive the "concepts" contained in each email.

30.     Google derives income from selling advertisements, based on the concepts derived from every email of every Gmail user, and targeted to individual Gmail users based on such concepts.

31.     Both the "internal email information" and "external email information" of every email of every Gmail user that is intercepted, collected, scanned and analyzed by Google is analyzed to identify "keywords" contained in each email.

32.     Google derives income from Gmail by selling keywords to advertisers in order to allow advertisers to tailor and target their advertisements to individual Gmail users based on the keywords contained in each emails.

33.     Google derives income from Gmail by marketing their ability to target advertisements to individual Gmail users based on the scan of such users' email and the concepts derived from the analysis of users' email contents.

34.     Google's Terms of Service for Gmail cover 15 pages of text that in a language best described as "legalese".

35.     Google's Terms of Service for Gmail use the term "Services" extensively throughout its 15 pages.   However, the term "Services" is undefined and has no readily discernable specific meaning.

36.     Google's Terms of Service for Gmail do not disclose that the fact that it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives.

37.      Google's Terms of Service for Gmail do not disclose that the fact that it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives, or that it uses that content to increase advertising revenue.

38.     Google's Program Policy for Gmail does not disclose the fact it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives.

39.     Google's Program Policy for Gmail does not disclose the fact it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives, or that it uses that content to increase advertising revenue.

40.     Google does not adequately reveal and explain the essential nature of the fact that it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives.

41.     Upon information and belief the vast majority of users of Gmail have not read, and/or understood, the over 20 pages, not including multiple external links to additional documents, that make up the Terms of Service, Program Policy and Privacy Policy.

42.     In fact, Chief Justice John Roberts of the United States Supreme Court has admitted he doesn't usually read the "fine print" that is a condition for accessing some websites. (See:http://www.abajournal.com/news/article/chief_justice_roberts_admits_he_doesnt_read_the_computer_fine_print/)

43.     Google does not include the fact that it scans the content of private emails, collects the data and uses that data to increase advertising revenue in the marketing material it publishes for Gmail. (*See below*)



44.     As shown above, Google does include the fact that it blocks "spam" in the marketing material it publishes for Gmail.

45.     By failing to disclose the fact that it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives, Google has concealed from, or failed to disclose certain facts to the Plaintiff and Class members.

46.     By failing to disclose the fact that it intercepts, collects, scans, and analyzes the content of every private email that a Gmail user sends or receives for the purpose of discovering the "concepts" contained in those emails, Google has concealed from, or failed to disclose certain facts to the Plaintiff and Class members.

47.     By failing to disclose the fact that it intercepts, collects, scans, and analyzes the content of every private email that a Gmail user sends or receives for the purpose of identifying keywords in those emails, Google has concealed from, or failed to disclose certain facts to the Plaintiff and Class members.

48.     By failing to disclose the fact that it discovers the "concepts" and identifies keywords in every private email that every Gmail user sends or receives in order to market and target advertisements to individual Gmail users Google has concealed from, or failed to disclose certain facts to the Plaintiff and Class members.

49.     By failing to disclose the fact that it markets and targets advertisements to individual Gmail users, based on such concepts and keywords, in order to derive a profit, Google has concealed from, or failed to disclose certain facts to the Plaintiff and Class members.

50.     Google has/had a duty to disclose the fact it creates operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives to Plaintiff and Class members.

51.     Google has/had a duty to disclose the fact that it intercepts, collects, scans, and analyzes the content of every private email that a Gmail user sends or receives for the purpose of discovering the "concepts" contained in those emails.

52.     Google has/ had a duty to disclose the fact that it intercepts, collects, scans, and analyzes the content of every private email that a Gmail user sends or receives for the purpose of identifying keywords in those emails.

53.     Google has/ had a duty to disclose the fact that it discovers the "concepts" and identifies keywords in every private email that every Gmail user sends or receives in order to market and target advertisements to individual Gmail.

54.     Google has/ had a duty to disclose the fact that it markets and targets advertisements to individual Gmail users, based on such concepts and keywords, in order to derive a profit.

55.     The facts that Google creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives; for the purpose of discovering the "concepts" and indentifying the keywords in those emails; in order to make a profit are all material facts.

56.     Google knew, or should have known, that Plaintiff and the Class members were ignorant of those facts.

57.     Google knew, or should have known, that Plaintiff and the Class members did not have an equal opportunity to discover those material facts.

58.     Google has been and continues to remain deliberately silent regarding those facts while it has had a duty to disclose same.

59.     By failing to disclose those facts Google intended to induce Plaintiff and the Class members to use Gmail.

60.     The Plaintiff and the Class members relied on Google's nondisclosure of those facts when opening a Gmail account and using Gmail.

61.     The Plaintiff and the Class members have been injured and their privacy violated as a result of opening Gmail accounts and using Gmail without the knowledge of those facts that Google intentionally failed to disclose.

62.     PLAINTIFF, KELLY MICHAELS is a Gmail user and has had a Gmail account between February, 2007 and March 4, 2011.

63.     Upon information and belief, Google has used its proprietary technology and algorithms to intercept, collect, scan, and analyze every email that PLAINTIFF KELLY MICHAELS has sent or received through her Gmail account.

64.     PLAINTIFF, KELLY MICHAELS did not consent to the interception, collection, scanning, and analyzing of every email she has sent through her Gmail account.

65.     Google did not adequately reveal and explain the essential nature of the fact that it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email PLAINTIFF KELLY MICHAELS has sent or received through her Gmail account.

66.     PLAINTIFF KELLY MICHAELS is a representative of a much larger class of persons residing in the United States, and are, or have been, a Gmail user, and has, or had, a Gmail account between February, 2007 and March 4, 2011.

## CLASS ALLEGATIONS

67.     PLAINTIFF bring this nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, as an individual and on behalf of all members of the following class:

68.     All persons located within the United States and are, or have been, Gmail users, and have, or have had, a Gmail account between February, 2007 and February, 2011.

69.     Excluded from the Class are Google, including subsidiaries and affiliates, federal governmental entities and instrumentalities, and the court and court personnel.

70.     The Class is so numerous that joinder of all members is impracticable. Ultimately, the precise number of Class members must be the subject of discovery, but Plaintiff alleges that the number of Class members is in the millions.

71.     There are questions of law and fact common to the Class, including whether and to what extent Google's conduct was a violation of the laws set forth in the Causes of Action below, and to what remedies the Class members are entitled to as a result of Google's conduct.

72.     Plaintiff's claims are typical of the claims of all Class members in that they all are, or have been, Gmail users, and have, or have had, a Gmail account between February, 2007 and February, 2011.

73.     Plaintiff will fairly and adequately protect the interests of the Class members and is not in conflict with the interests of Class members.  Further, Plaintiff has retained competent counsel and counsel will fairly and adequately protect and represent the interests of the Class members.

74.     Plaintiff asserts that, pursuant to Fed. R. Civ. P. 23(b)(2), Google's actions apply generally to the Class and that, if necessary, final injunctive or declaratory relief is appropriate for the Class as a whole.

75.     Plaintiff asserts that, pursuant to Fed. R. Civ. P. 23(b)(3), the questions of law and/or fact common to the Class members predominate over the question of individual members, and that this class action is a superior method for the fair and efficient adjudication of  these claims.

## CAUSES OF ACTION

### Federal Wiretap Act 18 U.S.C. § 2510, *et seq.*

76.     Pursuant to 18 U.S.C. § 2510(12), the content of Plaintiff's emails and Class members' emails amount to an "electronic communication."

77.     Pursuant to 18 U.S.C. § 2510(6), Google, as a corporation, is a person.

78.     Pursuant to 18 U.S.C. § 2510(4), Google intercepts Plaintiff's emails and Class members' emails when it creates, operates and maintains proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives.

79.     Google intentionally intercepted and continues to intercept Plaintiff's emails and Class members' emails in violation of 18 U.S.C. § 2510, *et seq.*, known as the Federal Wiretap Act.

80.     Google intentionally used a device, its proprietary technology and algorithms, to intercept Plaintiff's and Class members' electronic communications in violation of the Federal Wiretap Act.

81.     Google intentionally discloses, or endeavors to disclose to other parties the contents of Plaintiff's emails and Class members' emails, knowing or having reason to know that the information was obtained through the interception of an electronic communication in violation of the Federal Wiretap Act.

82. Google intentionally used and continues to use the contents of Plaintiff's emails and Class members' emails, knowing or having reason to know that the information was obtained through the interception of email in violation of the Federal Wiretap Act.

83. Google's creation, operation and maintenance of proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives for the purpose of targeting advertisements to individual Gmail users is not in the normal course of business while engaged in an activity which is a necessary incident to the rendition of services, or the protection of rights or property of Google.

84. Google's creation, operation and maintenance of proprietary technology and algorithms to intercept, collect, scan, and analyze the content of every private email that a Gmail user sends or receives, for the purpose of securing a profit from targeted advertisements to individual Gmail users, is not in the normal course of business while engaged in an activity which is a necessary incident to the rendition of services, or the protection of rights or property of Google.

**Texas Civil Practice and Remedies Code § 123.001 *et seq.***

85. Google intentionally intercepted Plaintiff's and Class members' electronic communications in violation of Texas' Civil Practice and Remedies Code § 123.001 *et seq*.

**Texas Penal Code § 16.02 *et seq*.**

86. Google intentionally intercepted, or acquired, Plaintiff's and Class members' electronic communications in violation of Texas Penal Code § 16.02 *et seq*. Texas Code of Criminal Procedure, Article 18.20 creates a private remedy for the violation of Texas Penal Code § 16.02 *et seq*.

**Invasion of Privacy**

87.     Google's conduct, as set forth in this complaint, was an intentional invasion of privacy; specifically, an intrusion on Plaintiff's and Class members' solitude, seclusion and/or private affairs.  Invasion of Privacy is a well recognized and established cause of action under Texas Common Law.  Invasion of Privacy encompasses the tort of Intrusion on Seclusion. *Billings v. Atkinson*, 489 S.W.2d 858 (Tex. 1973).

88.     Invasion of Privacy, Intrusion on Seclusion is a recognized claim of action by *Restatement (Second) of Torts §652B (1977,)* and in the majority of states in the United States.

**Fraud**

89.     Google's conduct, as set forth in this complaint, constitutes Fraud by Nondisclosure, a subcategory of Fraud and a well recognized and established cause of action under Texas Common Law. *Schlumberger Tech. v Swanson*, 959 S.W.2nd 171 (Tex. 1997)

90.     Fraud, including Fraud by Nondisclosure, is a claim of action recognized in many states in the United States.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and as representatives of the Class, prays judgment be entered against Google and that this Court grant all relief allowable by Federal or Texas State Law, including but not limited to the following:

1.     An order certifying the Class and appointing Plaintiff and her counsel to represent the Class;

2.      A judgment against Google for Plaintiff's and the Class' asserted causes of action;

3.      To the extent necessary, preliminary and permanent injunctive relief against Google;

4.      A judgment and order requiring Google to pay Plaintiff and each Class member $100 a day for each violation or $10,000, whichever is greater, for the violation of 18 U.S.C. § 2510 *et seq*., along with an appropriate award of punitive damages;

5.      A judgment and order awarding Plaintiff and each Class member $10,000 for each occurrence, and actual damages in excess of $10,000 for a violation of Texas Civil Practice and Remedies Code § 123,001 *et seq*., along with an appropriate award of punitive damages;

6.      A judgment and order awarding Plaintiff and each Class member of $100 a day, up to $1,000, for a violation of Texas Penal Code § 16.02 *et seq*., along with an appropriate award of punitive damages;

7.      A judgment and order awarding Plaintiff and each Class member actual damages including those for personal injury such as mental anguish for the Invasion of Privacy encompassing intrusion on Plaintiff's, and each Class members', seclusion, along with an appropriate award of punitive damages;

8.      A judgment and order awarding Plaintiff and each Class member damages based on the benefit of the bargain that Google derived from Plaintiff and each Class members' use of Gmail.

9.      A judgment and order awarding exemplary damages against Google.

10.     A judgment and order requiring Google to pay Plaintiff and Class members the cost of this action, including all disbursements, and an award of attorneys' fees as authorized by law;

11.    Any and all other relief to which Plaintiff and Class members may be entitled.

Respectfully submitted,

Dated: March 8, 2011

/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Findlay Craft, L.L.P.
6760 Old Jacksonville Highway,
Suite101
Tyler, TX 75703
(903) 534-1100
(903) 534-1137 FAX
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**ATTORNEYS FOR PLAINTIFF
KELLY MICHAELS, AS AN
INDIVIDUAL AND
REPRESENTATIVE OF A CLASS OF
SIMILARLY SITUATED PERSONS
AND/OR ENTITIES**